## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE ANGEL VASQUEZ DE LA CRUZ, | : | |
| Petitioner, | : | No. 26-cv-0784-JMY |
| | : | |
| vs. | : | |
| | : | |
| JAMAL L. JAMISON, Warden of | : | |
| Philadelphia Federal Detention Center, and | : | |
| MICHAEL ROSE, Field Office Director of | : | |
| Enforcement and Removal Operations, | : | |
| Philadelphia Field Office, Immigration and | : | |
| Customs Enforcement, | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 17th day of February, 2026, upon consideration of Petitioner Jose

Angel Vasquez De La Cruz's Emergency Petition for Writ of Habeas Corpus (ECF No. 1) and

the Government's Response in Opposition thereto (ECF No. 4), it is hereby **ORDERED** that the

Petition (ECF No.1) is **GRANTED** as follows:

1. Petitioner is not subject to detention under 8 U.S.C. § 1225(b)(1);

2. The Government shall **RELEASE** Petitioner from custody immediately and

certify compliance with the Court's Order by filing an entry on the docket no later than 2:00 p.m.

ET on February 20, 2026;

3. If the Government chooses to pursue re-detention of Petitioner pursuant to 8

U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing

upon his request, pursuant to 8 C.F.R. §§ 1226.1(c)(8), (d)(1), etc. – where an Immigration

Judge shall determine whether detention is warranted pending the resolution of his removal

proceedings;

4. If the Government chooses to pursue re-detention of Petitioner pursuant to 8

U.S.C. § 1226(a), the Government cannot remove, transfer, or otherwise facilitate the removal of

Petitioner from the Commonwealth of Pennsylvania before the ordered bond hearing.  If the

Immigration Judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a),

the Government may request permission from this Court to move Petitioner if unforeseen or

emergency circumstances arise that require him to be removed.  Any such request must include

an explanation for the request as well as a proposed destination.  The Court will then determine

whether to grant the request and permit transfer of Petitioner; and

5.    The Clerk of Court shall mark this case closed.[1]

**IT IS SO ORDERED**.

BY THE COURT:

*/s/ John Milton Younge*
**Judge John Milton Younge**

---

[1]  Petitioner, a native and citizen of the Dominican Republic, entered the United States without inspection on or about March 3, 2023.  (Notice and Order of Expedited Removal, Government's Response in Opposition to Petition for Writ of Habeas Corpus (hereinafter "Response in Opposition"), Exhibit A, ECF No 4-1; Record of Deportable Inadmissible Alien, Response in Opposition, Exhibit C, ECF No. 4-3.)  Given his time, manner, and place of entry, Customs and Border Protection (CBP) determined that Petitioner was inadmissible to the United States and, thereafter, placed him into expedited removal proceedings.  (*Id.* (memorializing Petitioner's encounter with CBP and stating that he is amenable to an Expedited Removal and will be processed pursuant to INA § 235(b)(1).)  However, after Petitioner claimed a fear of return to his home country, the Department of Homeland Security (DHS) referred Petitioner to U.S. Citizenship and Immigration Service ("USCIS") for completion of a credible fear interview.  (Record of Deportable Inadmissible Alien, Response in Opposition.)  Following that interview, USCIS rendered a positive finding of credible fear and placed Petitioner into removal proceedings under 8 U.S.C. § 1229a through issuance of a NTA on March 10, 2023.  (Notice to Appear, Petition for Writ of Habeas Corpus (hereinafter "Petition"), Exhibit A, ECF No. 1-3 (noting that the NTA is "being issued after an asylum officer has found that [the petitioner] has demonstrated a credible fear of persecution or torture").)  On May 3, 2023, ICE exercised its discretion to parole Petitioner from its custody under 8 U.S.C. § 1182(d)(5) – that parole was valid for one year.  (Interim Notice Authorizing Parole, Response in Opposition, Exhibit D, ECF No 4-4.)

On February 6, 2026, Petitioner was arrested by ICE officers during a routine check-in appointment at the Philadelphia ICE Field Office.  (Petition ¶ 51.)  Petitioner is being detained under 8 U.S.C § 1225(b)(1) pending completion of his removal proceedings.  (Petition.)

Petitioner has filed an I-130, Petition for Alien Relative and I-485, Application for Adjustment of Status (i.e., "marriage-based green card application"), based on his marriage to his U.S. citizen wife. (*Id.* ¶ 52.) That application remains pending with the USCIS. (*Id.*) In its Response in Opposition, the Government does not make any claim that Petitioner is a danger to person or property or a flight risk.

The gravamen of Petitioner's claim is that he is not subject to mandatory detention without the opportunity for a bail hearing because he avers that detention under 8 U.S.C. § 1225(b) applies only to non-citizens who are "seeking admission" to the United States, rather than non-citizens who are already in the United States pending the outcome of immigration proceedings. In support of his position, Petitioner cites to the mandatory detention policy that was recently adopted by ICE in the wake of the Board of Immigration Appeals ("BIA") decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). In the *Matter of Yajure Hurtado*, the BIA issued a precedential decision, binding on all immigration judges ("IJ"), holding that an IJ has no authority to consider bond requests for any person who entered the United States without admission. *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). The BIA determined that such individuals are subject to detention under 8 U.S.C. § 1225(b)(2)(A) and, therefore, ineligible to be released on bond. (*Id.*) Petitioner then cites to the numerous federal court decisions that have rejected the mandatory detention policy advanced by the Government. (Petition ¶¶ 29, 30.) Petitioner argues that:

> Since Respondents adopted their new policies, dozens of federal courts have rejected their new interpretation of the INA's detention authorities in over 1,600 decisions. Courts have likewise rejected *Matter of Yajure Hurtado*, which adopts the same reading of the statute as ICE. In over 1,600 cases decided by over 300 different judges across the United States, the policy and/or *Matter of Yajure Hurtado* have been completely rejected.

(Petition ¶ 29.)

In its opposition, the Government argues that the fact pattern presented in this matter is distinguishable from the numerous federal court decision cited by Petitioner in which its mandatory immigration detention policy has been rejected. (Response in Opposition page 1-2.) The Government distinguishes the case *sub judice* from the decisions cited by Petitioner based on the fact that Petitioner was placed in immediate expedited removal proceedings under 8 U.S.C. §1225(b)(1) when he was initially detained in March of 2023, while in the cases cited by Petitioner, the noncitizen/alien habeas petitioners were placed in ordinary removal proceedings under Section 1225(b)(2). (*Id.* page 17.) The Government further argues that Petitioner received parole in May of 2023 for a period of one year which has now expired. (*Id.* page 16.) Since Petitioner's parole has expired, the Government argues that Petitioner's detention is authorized under Section 1225(b)(1), and he can now be returned to his pre-parole mandatory detention status pending the outcome of his expedited removal proceeding without being entitled to a bond hearing. (Response in Opposition.)

The Government candidly admits that there are at least four decisions in the Eastern District of Pennsylvania that reject the position they are now taking in this proceeding. (Response in Opposition, ECF No. 4 page 2 n.2 (referencing the four district court decisions in this district that have rejected the Government's position).) *See e.g.*, *Talabadze v. Rose, et al.*, No. 26-cv-360 (E.D. Pa Jan. 30, 2026) (Perez, J.); *Seminario-Marcos v. Jamison, et al.*, No. 26-cv-421 (E.D. Pa Feb. 6, 2026) (Kearney, J.); *Vazquez-Diaz v. Rose, et al*, No. 26-cv-342 (E.D. Pa

3

Feb. 10, 2026) (Gallagher, J.); *Pkhaladze v. Rose, et al.,* 25-cv-509 (E.D. Pa Feb. 10, 2026) (Leeson, J.).

The Court finds no reason to reiterate our colleagues' thorough and reasoned analyses on this issue. (*Id.*) Therefore, it will adopt the reasoning and logic applied in these prior decisions as if set forth herein and will grant Petitioner the requested relief. In the opinion of this Court, the Government is arguing for a distinction without a real difference when it distinguishes between detention under 1225(b)(1) (immediate removal proceedings) and 1225(b)(2) (ordinary removal proceedings) because in the case *sub judice* Petitioner had been released into the United States on parole. The Court is equally unpersuaded by the Government's argument that Petitioner is lawfully detained because his one-year term of probation has expired. From the time of Petitioner's initial parole into the United States in May 2023 to the time of his arrest in February 2026, the Government "did not treat [him] as if he were subject to mandatory detention and expedited removal proceedings." *See Vasquez-Rosario*, 2026 WL 196505, at *6. Like in *Vasquez-Rosario*, this Court finds that here, Petitioner is not subject to Section 1225(b)(1) because he resided here for almost three years prior to his arrest by ICE, and because his expired parole merely reverts his status to that of any undocumented asylum seeker residing in the United States. *See id.* at *7-8; *Pkhaladze v. Rose, et al.,* 25-cv-509 at page 2 (E.D. Pa Feb. 10, 2026) (Leeson, J.). Likewise, as in *Vasquez-Rosario*, this Court finds that Petitioner is not subject to the "Arriving Alien" provision of Section 1225(b)(1)(A)(i) because he is no longer "in the process of reaching the United States." *Id.* at *8.

The Government does not argue that Petitioner is subject to Section 1225(b)(2), and the Court finds that Petitioner is not subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(1). Accordingly, Petitioner's mandatory detention without the opportunity for a bail hearing is unlawful, and he should be released from detention under 8 U.S.C. § 1225(b).